UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL SCOTT LOVELY,

    Plaintiff,

    v.

THE STATE OF WASHINGTON and THE MUNICIPALITY OF BAINBRIDGE ISLAND,

    Defendants.

Case No. C08-5625 FDB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the motion of Defendants State of Washington and Municipality of Bainbridge Island for dismissal of Plaintiff's action pursuant to Fed. R. Civ. P. 12(b), Fed. R. Civ. P. 12(c), and/or Fed. R. Civ. P. 56. In response, Plaintiff has filed objections to the motion and an a request for a continuance. The Court, having reviewed the motion, the response and the record herein, is fully informed and grants the motion to dismiss.

**Introduction and Background**

This case arises out of protection orders that were entered by Washington state courts pursuant to petitions for protection that were filed by the ex-wife of pro se plaintiff Michael Lovely.

ORDER - 1

In this lawsuit, Mr. Lovely seeks monetary damages he claims to have suffered related to the entry of these orders.

Pro se Plaintiff Michael Lovely and his ex-wife, Georgia Browne, divorced on July 14, 2003. Mr. Lovely and Ms. Browne have two children, Brian and Carolyn. On August 6, 2004, Ms. Browne filed a petition for an order of protection in Kitsap County Superior Court asking that the court order Mr. Lovely to refrain from having contact with her or their two children. Based on the allegations in the petition, the court entered a temporary protective order and set a show cause hearing to determine whether an order effective for a longer duration should be entered. Later that day, Mr. Lovely was served with the court's temporary order and notice of hearing. The next day Mr. Lovely violated the protection order. Mr. Lovely was arrested and was issued a citation.

Subsequently, the Bainbridge Island Municipal Court issued a domestic violence no contact order requiring that Mr. Lovely not knowingly come within 500 feet of Ms. Browne or the children. The order provided that it was effective for two years.

At the arraignment, Mr. Lovely entered a plea of guilty. The Bainbridge Island Municipal court entered a judgment and sentence placing Mr. Lovely on two years of unsupervised probation to be monitored by the court. The court also ordered that Mr. Lovely undergo mental health evaluation by certified mental health professional and comply with recommendations. The court released Mr. Lovely and ordered him to appear for a sentencing review hearing. Mr. Lovely failed to complete the required mental health evaluation.

Mr. Lovely was arrested again for another violation of the protection order. He was issued another criminal citation based on this conduct. The court consolidated Mr. Lovely's two cases, set bail, and ordered Mr. Lovely to appear for a pretrial conference. Mr. Lovely failed to appear at the hearing, and his bail was forfeited. The court issued warrants due to Mr. Lovely's failure to appear at the hearing. The warrants have been renewed several times and currently remain outstanding.

Mr. Lovely filed a "notice of appeal" in the Bainbridge Island Municipal Court, seeking

ORDER - 2

review in the Kitsap County Superior Court. The Kitsap County Superior Court entered an order dismissing the appeal.

Mr. Lovely then commenced this lawsuit in the Utah Federal District Court. Defendants moved to dismiss his claims for lack of jurisdiction and improper venue or, in the alternative, to transfer venue to this Court. The Utah District Court transferred venue to this Court and denied the Defendants' motion to dismiss without prejudice. Defendants now seek dismissal of all Mr. Lovely's claims.

**Fed. R. Civ. P. 12(b) Standards**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must be neither disregarded nor evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. Kokkonen, 511 U.S. at 377; Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992).

Upon a motion to dismiss pursuant to Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). When considering a motion to dismiss for lack of subject matter jurisdiction, federal district court is not restricted to the face of

ORDER - 3

pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning existence of jurisdiction, and thus consideration of material outside pleadings does not convert motion into one for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Thus, with a factual Rule 12(b)(1) challenge, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit "affidavits or any other evidence properly before the court. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell v. Dep't of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009).

**Standards for Summary Judgment**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at

ORDER - 4

248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

### Failure to Sate Cognizable Claim

Plaintiff fails to state any cognizable claim for which relief can be granted.[1] Mr. Lovely's asserted causes of action are simply not recognized. Plaintiff can show no statutory or common law legal authority for the claims he attempts to bring in this action. See Carlson v. Green, 446 U.S. 14, 18 - 19 (1980). Even if the Court were to construe Mr. Lovely's complaint as alleging a cause of action under 42 U.S.C. § 1983, the action would not be cognizable as the State of Washington and its agencies are not a "person" that can be sued under the statute. Will v. Michigan State Police, 491 U.S. 58, 71 (1989).

Accordingly, Plaintiff's claims are subject to dismissal for failure to state a claim for which relief can be granted.

### Eleventh Amendment Immunity

---

[1] Plaintiff's Complaint reflects that the causes of action he intends to pursue in this lawsuit are as follows: (1) "Damages Caused by Orders Issued Without Just Cause"; (2) "Wrongful Separation of Parent and Child"; (3) "Constitutional Violation"; (4) "Violation of Federal Law"; (5) "Currently 'no just provision' for 'just resolution' in the state of Washington"; (6) "Continuing action by the court is 'cruel and excessive'"; (7) "Actions of the court have been 'abusive'"; (8) "Orders Issued With An Intent to Do Harm"; (9) "Person of the court has been observed to exercise a personal prejudice in the administration of his duties"; (10) "Manipulation of Court Records"; (11) "Mal-Administration/Cover-up";(12) "Obstruction of Justice and Protection of Criminal Activity"; (13) "Human Rights Violation." Complaint, pp. 14 - 22.

ORDER - 5

The Eleventh Amendment to the United States Constitution, state sovereign immunity, bars the lawsuit. It provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." The Eleventh Amendment bars a citizen from bringing suit against a state in federal court. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1983); Micromonaco v. State of Washington, 45 F.3d 316, 319 (9th Cir. 1995). The bar is jurisdictional. Edelman v. Jordan, 415 U.S. 651, 678 (1978). It prohibits federal court lawsuits for either equitable relief or damages against a state, or arms of the state. Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995).

There are two exceptions to the Eleventh Amendment bar: (1) when Congress abrogates a state's Eleventh Amendment immunity and (2) when a state waives its Eleventh Amendment immunity. Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002)

The State of Washington is entitled to Eleventh Amendment immunity from suit in federal court, and neither the Congressional abrogation exception nor the waiver exception applies in this case. Plaintiff can point to no statute relevant to his claims where Congress has abrogated the State of Washington's Eleventh Amendment immunity. Although the State of Washington does permit tort actions against it in Washington state courts under the provisions of RCW 4.92.010 and RCW 4.92.090, it has not waived its Eleventh Amendment immunity to suits against it in federal court. See Micomonaco v. State of Washington, 45 F.3d 316, 321 - 22 (9th Cir. 1995). Consequently, this court lacks subject matter jurisdiction over the State of Washington and must dismiss Mr. Lovely's claims against it.

**Absolute Judicial Immunity**

The Municipal Court judges whose decisions Mr. Lovely complains of are entitled to absolute judicial immunity. It is well settled that judges are immune from liability for damages arising from acts performed in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 98 S. Ct.

ORDER - 6

1099, 55 L. Ed. 2d 331 (1978).

In a case involving absolute judicial immunity, the plaintiff must plead and show, in addition to the facts demonstrating a constitutional violation, facts demonstrating two separate prongs: (1) a clear absence of all jurisdiction; and/or (2) the action taken by the defendant did not constitute a judicial action. Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Failure to plead these allegations requires dismissal of the complaint for failure to state a cause of action.

**Rooker - Feldman Doctrine**

The *Rooker-Feldman* doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Bianchi v. Rylaarsdam, 334 F.3d 895 (9th Cir. 2003).

A recent Supreme Court decision in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005) clarified that the application of the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id., at 284. The *Rooker-Feldman* doctrine does not prevent a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court, as long as the federal plaintiff presents an independent claim even if that claim denies a legal conclusion reached by the state court. Id., at 284.

*Rooker-Feldman* may apply where the parties do not directly contest the merits of a state court decision, but rather, are attempting to bring a suit that is a de facto appeal from a state court judgment. Ruesser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir.2008). "A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably

ORDER - 7

intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. In such circumstances, the Circuit noted, "the district court is in essence being called upon to review the state court decision." The term "inextricably intertwined" has a narrow and specialized meaning in the *Rooker-Feldman* doctrine. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir.2004). A federal claim is "inextricably intertwined" with a state court judgment when "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Lemonds v. St. Louis County, 222 F.3d 488, 493 (8th Cir. 2000).

Mr. Lovely's action is precisely the type of claim prohibited by *Rooker-Feldman*. The central objective of Plaintiff's claims is to obtain damages based on allegedly erroneous decisions by a state court judge in the Bainbridge Island Municipal Court. Under *Rooker-Feldman*, this Court lacks jurisdiction to review a state court judge's decisions, and it must dismiss this case as a matter of law.

**Abstention Doctrine**

Finally, The *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings absent extraordinary circumstances that create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 53 - 54 (1971). *Younger* abstention applies to civil proceedings as well as criminal proceedings, "provided those proceedings implicate important state interests." World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) If *Younger* abstention applies, a federal court may not retain jurisdiction over the case and is required to dismiss the action. Id., at 1081.

The Ninth Circuit has recognized the application of *Younger* abstention in domestic relations actions. Coats v. Woods, 819 F.2d 236 (9th Cir. 1987).

Similarly, here the core issues implicated by Mr. Lovely's claims involve decisions of the Bainbridge Island Municipal Court arising out of domestic disputes and related criminal matters.

ORDER - 8

Washington state courts have issued several warrants for Mr. Lovely's arrest based on his violation of the orders, and should he return to Washington, adjudication of these matters in Washington state courts is imminent. This Court will therefore dismiss this lawsuit to avoid undesirable interference in matters that are better left to the state courts.

**Conclusion**

Plaintiff fails to state any claim for which relief can be granted. In addition, this suit is barred by Eleventh Amendment immunity, judicial immunity, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. For all the forgoing reasons, the Court will grant Defendants' motion to dismiss this case.

ACCORDINGLY;

IT IS ORDERED:

The Motion for Dismissal or Summary Judgment by Defendants State of Washington and Bainbridge Island [Dkt. # 61] is **GRANTED**. Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

DATED this 4th day of January, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 9